## MOTHNER et al. v. RATCLIFF et ux.*
(No. 1519.)

Court of Civil Appeals of Texas. Beaumont. April 6, 1927.

Rehearing Denied April 13, 1927.

Brokers ⟳86(1)—Evidence held to sustain verdict for defendant, in action for commissions on sale of timber.

In action to recover commissions on sale of timber, evidence *held* to sustain verdict for defendant, in that timber deed, executed by defendant and wife and another, evidence bona fide sale as permitted by alleged contract.

Error from District Court, Jasper County; V. H. Stark, Judge.

Suit by L. H. Mothner and others against H. N. Ratcliff and wife. Judgment for defendants, and plaintiffs bring error. Affirmed.

O. M. Lord and A. M. Huffman, both of Beaumont, for plaintiffs in error.

Dies, Stephenson & Dies, of Orange, for defendants in error.

WALKER, J. This suit was by plaintiffs in error, designated here as appellants, against defendants in error, husband and wife, designated here as appellees, to recover $1,500 claimed by them as commissions on a sale of appellees' timber. At the conclusion of the evidence, both parties moved for an instructed verdict, which being denied, the case went to the jury on special issues, and upon their verdict judgment was entered in favor of appellees. Appellees admitted the contract with appellants, but defended on the ground that appellants had abandoned the contract, and after such abandonment appellees sold the timber to W. P. Bond, who sold to H. M. Maund for $7,000, of which sum Bond received $1,500 as his profit. Appellants contend that the alleged contract was in fraud of their rights; that, in fact, appellees listed the timber with Bond for sale in order to deprive appellants of their commission; and that Bond then proceeded to sell to their client. Question No. 1, submitted to the jury, was as follows:

"Did the timber deed from H. N. Ratcliff and wife to W. P. Bond evidence a bona fide sale of the timber from Ratcliff and wife to W. P. Bond?"

—which was answered by the jury in the affirmative. Appellants concede that the judgment in favor of appellees must be affirmed, if the evidence was sufficient to sustain the jury's verdict to that question.

Appellees testified that long after appellants had begun their negotiations with Maund, they sold the timber to Bond at $4 per thousand feet, which they had a right to do under their contract with appellants; that is, they gave Bond an option on their timber at $4 per thousand feet, thinking at the time that he was negotiating with the Miller-Vidor Lumber Company; that some time after the option was closed, Bond reported to them his negotiations with Maund; that they then advised him of appellants' prior negotiations with Maund, and asked him to see appellants and find out what they were doing; that Bond afterwards reported to them he had seen appellants and was advised by them that they had abandoned their contract; that thereupon they made a deed to Bond, reciting a consideration of $3,500 cash and $3,500 in notes; that Bond simultaneously executed a deed to Maund upon the same consideration; that is, $3,500 cash and the assumption of the notes; that Bond received $1,500 of the purchase price as his

profit on the deal. Their testimony was positive and to the effect that the deed to Bond was in good faith and upon the option they had previously given him, that they thought appellants had abandoned their contract, and that they had no purpose or intent to defraud appellants.

Bond's testimony was, also, to the effect that, in good faith, he bought the timber from appellees under his option at $4 per thousand; that at the time he took his option he knew nothing of the negotiations between Maund and appellants; that appellants afterwards advised him that they had abandoned their negotiations with appellees, and after he had that information he so informed appellees and then concluded his sale with Maund in good faith; and that the $1,500 received by him was his profit on the sale. Appellees' son also testified that appellants told him they had abandoned their contract with appellees. While appellants denied such conversation, the record shows that they offered this timber to Maund's agent about the 4th of August at appellees' home, and that they were never able to close the deal, but the next year carried a new client upon the ground for the purpose of selling him the timber, and were then informed for the first time of the sale by appellees to Bond and by Bond to Maund.

In our judgment, this evidence fully sustains the jury's verdict, and it is therefore, our order that the judgment of the trial court be and the same is hereby in all things affirmed.